Bank AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | |
|---|---|
| SYNCPOINT IMAGING, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    2:15-cv-00247-JRG-RSP |
| | ) |
| NINTENDO OF AMERICA INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Lannea Butler, 222 South Main Street, Suite 1830, Salt Lake City, Utah 84101

*(Name of person to whom this subpoena is directed)*

☒   *Testimony:*   **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Pia Anderson Dorius Reynard & Moss<br>222 South Main Street, Suite 1830<br>Salt Lake City, Utah  84101 | Date and Time:  December 4, 2015, 3 pm MT |
|---|---|
| The deposition will be recorded by this method:  Stenographic and videographic | |

☒   *Production:*   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attachment A.

| Place:   Pia Anderson Dorius Reynard & Moss<br>222 South Main Street, Suite 1830<br>Salt Lake City, Utah  84101 | Date and Time:    December 2, 2015, 9am MT |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/20/2015

*CLERK OF COURT*

OR

_____        _____
    *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Nintendo of America Inc. and Nintendo Co., Ltd.              , who issues or requests this subpoena, are:

Kevin A. Zeck, PERKINS COIE LLP, 1201 Third Ave., Suite 4900, Tel: 206-359-3002, KZeck@perkinscoie.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      2:15-cv-00247-JRG-RSP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ 40.00 .  Witness fees were overnighted to Ms. Butler via UPS on 11/20/2015.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT A TO SUBPOENA TO LANNEA BUTLER</u>

### DEFINITIONS

The following definitions apply to the Topics provided below:

1.      "Lannea Butler", "You", "Your", or "Yours" means Lannea Butler, an individual employed by the law firm Pia Anderson Dorius Reynard & Moss, including any agents, legal representatives, consultants or other persons acting or purporting to act on Lannea Butler's behalf; and any person in privity with Lannea Butler regarding the matters inquired about herein.

2.      "Brilliant Points, Inc." or "Brilliant Points" means Brilliant Points, Inc., a corporation organized under the laws of the State of Delaware, its parents, subsidiaries, and related companies, and its agents, officers, employees, partners, representatives, consultants, or other persons acting on its behalf.

3.      "Karl Christopher Hansen" or "Karl Hansen" shall mean the person presently known as Karl Christopher Hansen, born in July of 1960, including any agents, legal representatives, consultants or other persons acting or purporting to act on Karl Hansen's behalf; and any person in privity with Karl Hansen regarding the matters inquired about herein.

4.      "SyncPoint Imaging, LLC" or "SyncPoint" means Plaintiff SyncPoint Imaging, LLC, its parents, subsidiaries, and related companies, and its agents, officers, employees, partners, representatives, consultants, or other persons acting on its behalf.

5.      "PixArt Imaging, Inc." or "PixArt" means defendant PixArt Imaging, Inc., its parents, subsidiaries, and related companies, and its agents, officers, employees, partners, representatives, consultants, or other persons acting on its behalf.

6.      "PixArt License" means license executed between Karl Christopher Hansen (with Brilliant Points, Inc. acting as agent) and PixArt, effective date July 1, 2008.

7.      "Asserted Patent" or "'214 patent" means U.S. Patent No. 6,275,214.

8.      "Including" means "including without limitation."

9.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the terms "documents" and "electronically stored information" in Federal Rule of Civil Procedure (Fed. R. Civ. P.) 34(a) and includes the term "writing."  Electronic mail is included within the definition of the term "document."

10.     The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Federal Rule of Evidence (Fed. R. Evid.) 1001.

11.     A draft or non-identical copy of any document, electronically stored information, writing, recording, or photograph is a separate document within the meaning of the term "document."

12.     The term "communication" means the transmittal of information by any means.

13.     The term "Things" means any intangible item or any other related item.

14.     The term "person" or "party" means any natural person or any business, legal, or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

15.     The words "relate," "related to," and "relating to" are used herein in their broadest sense.  To relate to something includes, but is not limited to, to reflect, to evidence, to constitute, to consist of, to comprise, to identify, to record, to refer to, or to concern.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     The terms "and, "or," and "and/or" shall be construed in the conjunctive or disjunctive, whichever makes the request or topic more inclusive.

18.     The use of the word "any" shall mean "any and all."

## INSTRUCTIONS

1.      This subpoena calls for You to produce all Documents and Things described by each category below that are within Your possession, custody, or control, or are otherwise available to You.

2.      All Documents and Things that are responsive, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

3.      Electronic records and computerized information that is produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

4.      All Documents and Things shall be produced either in the order and manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this subpoena.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or container shall be attached to the Document.  Documents attached to each other must not be separated.

5.      All responsive Documents and Things must be produced, regardless of whether such Documents and Things are possessed directly by You or are possessed by any of Your agents, representatives, or attorneys.

6.      If any requested Document or Thing has existed, but has been lost, destroyed, or is no longer within Your possession, custody, or control, then identify the Document or Thing, its author(s), the recipient(s) or addressee(s), the subject matter, and the content.  Further, if the Document or Thing has been destroyed, state with particularity the date and circumstances surrounding the destruction, and identify the last known custodian of the Document or Thing and each person who has knowledge of the destruction of any such Document or Thing.

7.     For any Documents or Things otherwise responsive to this subpoena that are withheld based upon a claim of any privilege or work product, You must (a) expressly make the claim of privilege or other protection and (b) describe the nature of the documents, communications, or other tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the claim.

8.     If, subsequent to the date that You produce Documents or Things responsive to this subpoena, You discover or receive Documents or Things that are responsive to the requests herein, promptly produce all such additional Documents or Things to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

9.     If, after exercising due diligence to secure the information requested, You cannot fully comply with a specific Request, or any part thereof, state the reason(s) for Your inability to reply and respond to the fullest extent possible.

## DOCUMENTS AND THINGS COVERED BY THIS SUBPOENA

You are directed to produce the following Documents and Things at the time and place described in this subpoena:

1.     All native .pdf, Word documents, and image files for SYNCPOINT000379, SYNCPOINT000380-388, SYNCPOINT000389-397.

2.     All native .pdf, Word documents, and image files associated with or relating to SYNCPOINT000379, SYNCPOINT000380-388, SYNCPOINT000389-397, including .pdfs, Word documents, and image files for drafts of SYNCPOINT000379, SYNCPOINT000380-388, SYNCPOINT000389-397.

3.     All native .pdf, Word documents, and image files for SYNCPOINT000401, SYNCPOINT000402-410, SYNCPOINT000411-419.

4.     All native .pdf, Word documents, and image files associated with or relating to SYNCPOINT000401, SYNCPOINT000402-410, SYNCPOINT000411-419, including .pdfs, Word documents, and image files for drafts of SYNCPOINT000401, SYNCPOINT000402-410, SYNCPOINT000411-419.

5.     All native .pdf, Word documents, and image files for BRILLIANT005006-5010, BRILLIANT005011-5019, BRILLIANT005020-5028, BRILLIANT005029-5037, BRILLIANT010206-BRILLIANT010206.009.

6.     All native .pdf, Word documents, and image files associated with or relating to BRILLIANT005006-5010, BRILLIANT005011-5019, BRILLIANT005020-5028, BRILLIANT005029-5037, BRILLIANT010206-BRILLIANT010206.009, including .pdfs, Word documents, and image files for drafts of BRILLIANT005006-5010, BRILLIANT005011-5019, BRILLIANT005020-5028, BRILLIANT005029-5037, BRILLIANT010206-BRILLIANT010206.009.