RESTRICTED – ATTORNEYS EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company,<br><br>　*Plaintiff*,<br><br>v.<br><br>**NINTENDO OF AMERICA INC.**, a Washington Corporation; **NINTENDO CO., LTD**, a Japanese Corporation; **GAME X CHANGE, INC.**, an Arkansas Corporation; **GAMES2GO**, a business in the Eastern District of Texas, and **PIXART IMAGING, INC.**, a Taiwanese Corporation,<br><br>　*Defendants* | Civil Action No. 2:15-cv-247 |

**SYNCPOINT'S AND MS. LANNEA BUTLER'S OBJECTIONS AND RESPONSES TO NINTENDO OF AMERICA INC.'S AND NINTENDO CO., LTD.'S CORRECTED FIRST SET OF INTERROGATORIES TO MS. LANNEA BUTLER (NOS. 1-3)**

Ms. Lannea Butler ("Ms. Butler") and SyncPoint Imaging, LLC ("SyncPoint") hereby object and respond to "Defendants Nintendo of America Inc.'s and Nintendo Co., Ltd.'s Corrected First Set of Interrogatories to Ms. Lannea Butler (Nos. 1-3)"

RESTRICTED – ATTORNEYS EYES ONLY

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Ms. Butler and SyncPoint object to the definitions of "you," "your," "yours," "Lannea Butler," to the extent they are overbroad and purport to require Ms. Butler to provide information or other materials not reasonably within her possession, custody, or control.

2. Ms. Butler and SyncPoint object to the definition of "person" to the extent it is overbroad and purports to require Ms. Butler to provide information or other materials not reasonably within their possession, custody, or control.

## GENERAL OBJECTIONS

SyncPoint and Ms. Butler make and hereby incorporate by reference the following general objections, whether or not separately set forth, in responses to each of Nintendo's Interrogatories ("Requests"):

1. SyncPoint and Ms. Butler object to the extent any Request seeks documents or information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

2. SyncPoint and Ms. Butler object to the extent any Request is not sufficiently limited or reasonably calculated to lead to the discovery of admissible evidence and is, therefore, overly broad and unduly burdensome.

3. SyncPoint and Ms. Butler object to the extent any Request seeks documents or things that are not reasonably accessible.

4. SyncPoint and Ms. Butler object to the extent any Request incorporates legal concepts. SyncPoint and Ms. Butler's responses neither confirm nor deny the meaning of any particular legal concept.

RESTRICTED – ATTORNEYS EYES ONLY

5. SyncPoint and Ms. Butler object to Nintendo's definitions and instructions to the extent that they are inconsistent with applicable rules, including at least the Federal Rules of Civil Procedure and local rules.

6. SyncPoint and Ms. Butler object to the extent any Request is not relevant to the claim or defense of any party.

7. SyncPoint and Ms. Butler object to the extent any Request seeks documents or information already in Nintendo's possession or which are reasonably available to Nintendo from other sources.

8. SyncPoint and Ms. Butler object to the extent any Request seeks confidential third-party information or documents. SyncPoint and Ms. Butler are willing to work with Nintendo to obtain an agreement from any such third party allowing the disclosure under this case's protective order.

9. SyncPoint and Ms. Butler object to the extent any Request is vague or ambiguous.

SyncPoint and Ms. Butler reserve the right to supplement these responses to these Requests, and further reserve the right to assert any objection at any time.

The foregoing General objections apply to all of SyncPoint and Ms. Butler's responses. To the extent specific General Objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific requests and are not to be construed as a waiver of any other objection or General Objection applicable to a particular response.

**DEFINITION OF SPECIFIC OBJECTIONS**

As used in the specific responses below, the following terms include objections based upon their respective definitions:

3

RESTRICTED – ATTORNEYS EYES ONLY

1. "Vague and ambiguous" is defined to mean: SyncPoint and Ms. Butler object on the basis that and insofar as the Discovery Request is vague, uncertain, and ambiguous.

2. "Overbroad" is defined to mean: SyncPoint and Ms. Butler object on the basis that and insofar as the Discovery Request is overbroad and calls for an expansive potential breadth of documents or information that is unreasonable in scope and parameter.

3. "Burdensome" is defined to mean: SyncPoint and Ms. Butler object on the basis that the Discovery Request is so broad and uncertain that it creates an unreasonable and undue burden. Burdensome is also defined to mean that SyncPoint and Ms. Butler object to the Discovery Request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources or discovery procedures.

4. "Duplicative" is defined to mean: SyncPoint and Ms. Butler object on the basis that and insofar as the Discovery Request calls for disclosure of information that is cumulative or duplicative of other discovery.

5. "Privileged" is defined to mean: SyncPoint and Ms. Butler object on the basis that and insofar as the Discovery Request calls for information (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

6. "Assumes Facts" is defined to mean: SyncPoint and Ms. Butler object on the basis that and insofar as the Discovery Request is based upon a premise or upon assumed facts that are untrue or unsupported by the evidence in this matter.

7. "Irrelevant" is defined to mean: SyncPoint and Ms. Butler object on the basis that and insofar as the Discovery Request calls for information that is not relevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence;

8. "Premature" is defined to mean: SyncPoint and Ms. Butler object on the basis that the Discovery Request calls for information not available to Ms. Butler at this stage of the litigation or that it calls for conclusions, opinions, or theories that cannot be ascertained or developed prior to the completion of discovery or without the benefit of expert analysis.

9. The phrases "Subject to and without waiving these objections," or words having similar effect, are defined to mean: Notwithstanding the fact that Ms. Butler will provide certain information in response to a Discovery Request, information or items sought by a Discovery Request that are covered by a specific and/or general objection may not be disclosed.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe in detail each and every communication from the periods of November 15 to November 25, 2014 and February 15, 2015 to September 30, 2015 that concern draft or executed assignments of U.S. Patent No. 6,275,214, including without limitation draft or executed assignment agreements between Karl Hansen and SyncPoint, and that involve You, including without limitation communications You sent, received, were provided, or otherwise came into possession of, including without limitation communications on which you were copied or blind-copied. Your response to this Interrogatory must include at a minimum a list of each such communication including: for each such communication, an identification of the specific form of the communication (e.g., telephone call, letter, email, etc.); a summary of the substance of each such communication; the date and place of each such communication; an identification of each person who participated in or received each such communication, including an identification of their role (e.g., "author," "recipient," etc.); for each email or other written communication, an identification of all attachments to each such communication; and for each attachment, a summary of the substance of the attachment, an identification of the author and date of the attachment, and for each electronically stored attachment, a listing of any and all Metadata associated with the attachment.

**RESPONSE:** SyncPoint and Ms. Butler object to Interrogatory No. 1 on the following grounds: it purports to require the production of information that is protected by the attorney–client

RESTRICTED – ATTORNEYS EYES ONLY

privilege, the attorney work- product doctrine, statutory and constitutional privacy rights, and other applicable doctrines or privileges, is overbroad, is vague and ambiguous and burdensome and contains discrete subparts. Further, SyncPoint and Ms. Butler object to the extent Nintendo is attempting to require her to answer Interrogatory No. 1 in a certain way that is not required by the Federal Rules of Civil Procedure. Nintendo has no right to prescribe how SyncPoint and Ms. Butler should answer the propounded interrogatory. Subject to and without waiving these objections Ms. Butler responds:

Pursuant to Rule 33(d), Ms. Butler identifies documents Bates No. BUTLER0001-9 from which the answer to the interrogatory may be determined.

**INTERROGATORY NO. 2:** Identify and describe in detail all facts and circumstances surrounding the number "18" being superimposed on the second line of SYNCPOINT000389.1 Your response to this Interrogatory must include at a minimum: the first and last name of the person who added the number "18"; the date on which the number "18" was added; a detailed description of the reason or reasons why the number "18" was added; if You were instructed, asked, or encouraged to add the number "18", the first and last names of any and all individuals who instructed, asked, or encouraged You to add the number "18"; a detailed description of any such instruction given to You; a listing of any and all Metadata associated with Native File(s) for SYNCPOINT000389-SYNCPOINT000397; the date the Native File(s) forSYNCPOINT000389-SYNCPOINT000397 were first provided to You or received by You; an identification of the form by which You were first provided or received the Native File(s) for SYNCPOINT000389-SYNCPOINT000397 (e.g., by email or on CD); the first and last name of the individual from whom you were first provided or received SYNCPOINT000389-SYNCPOINT000397; and the "author" information associated with any .pdf editing program registered or loaded on Your work computer(s), including without limitation the program Adobe Acrobat.

**RESPONSE:** SyncPoint and Ms. Butler object to Interrogatory No. 2 on the following grounds: it purports to require the production of information that is protected by the attorney–client privilege, the attorney work- product doctrine, statutory and constitutional privacy rights, and other applicable doctrines or privileges, is overbroad, is vague and ambiguous and burdensome and contains discrete subparts. Further, SyncPoint and Ms. Butler object to the extent Nintendo

is attempting to require her to answer Interrogatory No. 2 in a certain way that is not required by the Federal Rules of Civil Procedure. Nintendo has no right to prescribe how SyncPoint and Ms. Butler should answer the propounded interrogatory. Subject to and without waiving these objections Ms. Butler responds:

Ms. Butler added the number "18" to the second line of document SYNCPOINT000389. Ms. Butler was not instructed, asked or encouraged to add the number "18" by anyone. On or around July 8, 2015, Ms. Butler was asked to assist in locating the February 18, 2015 final executed copy of the Assignment from SyncPoint Imaging, LLC to Karl Christopher Hansen. Ms. Butler was unable to locate the final executed assignment. In the search to locate this final executed copy of the assignment, as well as other associated assignments, Ms. Butler was provided a Microsoft Word version of an earlier incomplete draft and unexecuted copy of the February 18, 2015 Assignment from SyncPoint Imaging, LLC to Karl Christopher Hansen. In her search for the final executed version of this assignment, she came across a signed signature page from Karl Hansen that was for a different assignment. Ms. Butler did not know that this signature page was associated with another different assignment. Ms. Butler mistakenly believed that this signed signature page was associated with the final executed version of the February 18, 2015 Assignment from SyncPoint Imaging, LLC to Karl Christopher Hansen that she was asked to locate and produce. Ms. Butler believes, that at that time, she may have thought, based on her past experience with parties signing agreements in counterparts and only exchanging and/or providing the executed signature pages, that Mr. Hansen had only provided an executed signature page in connection with the February 18, 2015 Assignment from SyncPoint Imaging, LLC to Karl Christopher Hansen. Ms. Butler believes that consistent with her previous experience, she then printed out the Word version of the incomplete draft assignment, replaced

RESTRICTED – ATTORNEYS EYES ONLY

the unsigned signature page of the incomplete draft assignment with the mistaken signed signature page of Karl Hansen, rescanned this assembled document and emailed it to herself. Ms. Butler then used Acrobat Pro to add in a text box with the number "18" for the date on the first page.  This assembled document was then mistakenly designated as Bates Number SYNPOINT000389-397.  Ms. Butler believes that the first time she received the incomplete draft assignment that she mistakenly used to assemble SYNPOINT000389-397 was emailed to her on July 8, 2015 from Joseph Pia.

**INTERROGATORY NO. 3:** Identify and describe in detail all facts and circumstances surrounding Karl Hansen signing any and all assignment agreements concerning the '214 patent. Your response to this Interrogatory must include at a minimum: a list of all assignment agreements concerning the '214 patent signed by Karl Hansen, whether produced in This Litigation or not, including without limitation SYNCPOINT000379, SYNCPOINT000380-388, SYNCPOINT000389-397, SYNCPOINT000401, SYNCPOINT000402-410, SYNCPOINT000411-419, SYNCPOINT003528-3536, SYNCPOINT003537-3549, BRILLIANT005011-5019, BRILLIANT5020-5028, BRILLIANT005029-5037, BRILLIANT005038-5046, BRILLIANT0010206-10206.009; the date you were first provided or received a copy of each and every assignment agreement concerning the '214 patent signed by Karl Hansen; for each such signed assignment agreement, an identification of the form or forms of Karl Hansen's signature in the assignment agreement (e.g., hand-signed, signed using an image of a hand signed signature, or electronically signed); for each such signature, the date You understand that Karl Hansen first provided his signature, and a detailed description of all facts and circumstances supporting Your understanding; for each such signed assignment agreement, an identification of the form by which You received the signed assignment agreement, such as e-mail, United States Postal Service mail, United Parcel Service package, or facsimile; for each such signed assignment agreement, an identification of whether Karl Hansen supplemented, revised, or amended the assignment agreement after the date he first provided his signature, including without limitation by supplementing, revising, or amending any existing signature; and if Karl Hansen supplemented, revised, or amended any such signed assignment agreement, then for each such signed assignment agreement, a detailed description of all reasons and circumstances for why Karl Hansen supplemented, revised, or amended the agreement, including without limitation a detailed description of the matters supplemented, revised, or amended.

**RESPONSE:** SyncPoint and Ms. Butler object to Interrogatory No. 3 on the following grounds: it purports to require the production of information that is protected by the attorney–client privilege, the attorney work- product doctrine, statutory and constitutional privacy rights, and

other applicable doctrines or privileges, is overbroad, is vague and ambiguous and burdensome and contains discrete subparts. Further, SyncPoint and Ms. Butler object to the extent Nintendo is attempting to require her to answer Interrogatory No. 3 in a certain way that is not required by the Federal Rules of Civil Procedure. Nintendo has no right to prescribe how SyncPoint and Ms. Butler should answer the propounded interrogatory. Subject to and without waiving these objections Ms. Butler responds:

If Ms. Butler received any of the assignments that are the subject of this interrogatory, she believes she would have received them on or around July 8, 2015 by email. Ms. Butler identifies documents Bates No. BUTLER0001-9, in further response to this interrogatory. Ms. Butler does not know the identity or the form(s) for Mr. Hansen's signatures. Besides the date listed on the signature pages of these assignments, Ms. Butler has no other understanding as to the dates these documents were signed by Mr. Hansen. Ms. Butler does not have an understanding or knowledge whether or not Mr. Hansen supplemented, revised, or amended the assignment agreements after the date he first provided his signatures.

I hereby certify that, to the best of my knowledge, the foregoing responses are true and correct.

Dated: December 21, 2015                             By: */s/Lannea Butler*

RESTRICTED – ATTORNEYS EYES ONLY

                                                      Respectfully Submitted,

Dated: December 21, 2015        By: */s/ Robert Aycock*
                                      Joseph G. Pia
                                      joe.pia@padrm.com
                                      Texas Bar No. 24093854
                                      Robert Aycock (Admitted in this District)
                                      Utah State Bar No. 8878
                                      raycock@padrm.com
                                      Joseph Shapiro (Admitted in this District)
                                      Utah State Bar No. 13584
                                      jshapiro@padrm.com
                                      Sara Payne (Admitted in this District)
                                      Utah State Bar No. 14008
                                      spayne@padrm.com
                                      PIA ANDERSON DORIUS REYNARD & MOSS
                                      222 South Main Street, Suite 1830
                                      Salt Lake City, Utah 84101
                                      Telephone: (801) 350-9000
                                      Facsimile: (801) 350-9010

                                      S. Calvin Capshaw
                                      State Bar No. 03783900
                                      ccapshaw@capshawlaw.com
                                      Elizabeth L. DeRieux
                                      State Bar No. 05770585
                                      ederieux@capshawlaw.com
                                      CAPSHAW DERIEUX, L.L.P.
                                      114 East Commerce Avenue
                                      Gladewater, Texas 75647
                                      Telephone: (903) 236-9800
                                      Facsimile: (903) 236-8787

                                      *Attorneys for Plaintiff*

RESTRICTED – ATTORNEYS EYES ONLY

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the above document on counsel of record via email on December 21, 2015.

*/s/Lannea Butler*