RESTRICTED – ATTORNEYS EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company,<br><br>*Plaintiff*,<br><br>v.<br><br>**NINTENDO OF AMERICA INC.**, a Washington Corporation; **NINTENDO CO., LTD**, a Japanese Corporation; **GAME X CHANGE, INC.**, an Arkansas Corporation; **GAMES2GO**, a business in the Eastern District of Texas, and **PIXART IMAGING, INC.**, a Taiwanese Corporation,<br><br>*Defendants* | Civil Action No. 2:15-cv-247 |

## SYNCPOINT'S AND KARL HANSEN'S OBJECTIONS AND RESPONSES TO NINTENDO OF AMERICA INC.'S AND NINTENDO CO., LTD.'S CORRECTED FIRST SET OF INTERROGATORIES TO MR. KARL HANSEN (NOS. 1-3)

SyncPoint Imaging, LLC ("SyncPoint") and Karl Hansen hereby object and responds to "Defendants Nintendo of America Inc.'s and Nintendo Co., Ltd.'s Corrected First Set of Interrogatories to Mr. Karl Hansen (Nos. 1-3)"

RESTRICTED – ATTORNEYS EYES ONLY

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. SyncPoint and Mr. Hansen object to the definitions of "you," "your," "yours," "Plaintiff," "SyncPoint Imaging, LLC," "SyncPoint," "Brilliant Points, Inc.," "Brilliant Points," "Karl Hansen," and "Lisa Hansen" to the extent they are overbroad and purport to require SyncPoint or Mr. Hansen to provide information or other materials not reasonably within their possession, custody, or control.

2. SyncPoint and Mr. Hansen object to the definition of "person" to the extent it is overbroad and purports to require SyncPoint or Mr. Hansen to provide information or other materials not reasonably within its possession, custody, or control.

## GENERAL OBJECTIONS

SyncPoint and Mr. Hansen make and hereby incorporate by reference the following general objections, whether or not separately set forth, in responses to each of Defendants' Interrogatories ("Requests"):

1. SyncPoint and Mr. Hansen object to the extent any Request seeks documents or information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

2. SyncPoint and Mr. Hansen object to the extent any Request is not sufficiently limited or reasonably calculated to lead to the discovery of admissible evidence and is, therefore, overly broad and unduly burdensome.

3. SyncPoint and Mr. Hansen object to the extent any Request seeks documents or things that are not reasonably accessible.

RESTRICTED – ATTORNEYS EYES ONLY

4. SyncPoint and Mr. Hansen object to the extent any Request incorporates legal concepts, e.g., "prior art." SyncPoint's and Mr. Hansen's responses neither confirm nor deny the meaning of any particular legal concept.

5. SyncPoint and Mr. Hansen object to Nintendo's definitions and instructions to the extent that they are inconsistent with applicable rules, including at least the Federal Rules of Civil Procedure and local rules.

6. SyncPoint and Mr. Hansen object to the extent any Request is not relevant to the claim or defense of any party.

7. SyncPoint and Mr. Hansen object to the extent any Request seeks documents or information already in Defendants' possession or which are reasonably available to Defendants from other sources.

8. SyncPoint and Mr. Hansen object to the extent any Request seeks confidential third-party information or documents. SyncPoint and Mr. Hansen are willing to work with Defendants to obtain an agreement from any such third party allowing the disclosure under this case's protective order.

9. SyncPoint and Mr. Hansen object to the extent any Request is vague or ambiguous.

SyncPoint and Mr. Hansen reserve their rights to supplement its responses to these Requests, and further reserve the right to assert any objection at any time.

The foregoing General objections apply to all of SyncPoint's and Mr. Hansen's responses. To the extent specific General Objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the

specific requests and are not to be construed as a waiver of any other objection or General Objection applicable to a particular response.

## DEFINITION OF SPECIFIC OBJECTIONS

As used in the specific responses below, the following terms include objections based upon their respective definitions:

1. "Vague and ambiguous" is defined to mean: SyncPoint and Mr. Hansen object on the basis that and insofar as the Discovery Request is vague, uncertain, and ambiguous.

2. "Overbroad" is defined to mean: SyncPoint and Mr. Hansen object on the basis that and insofar as the Discovery Request is overbroad and calls for an expansive potential breadth of documents or information that is unreasonable in scope and parameter.

3. "Burdensome" is defined to mean: SyncPoint and Mr. Hansen object on the basis that the Discovery Request is so broad and uncertain that it creates an unreasonable and undue burden. Burdensome is also defined to mean that SyncPoint and Mr. Hansen object to the Discovery Request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources or discovery procedures.

4. "Duplicative" is defined to mean: SyncPoint and Mr. Hansen object on the basis that and insofar as the Discovery Request calls for disclosure of information that is cumulative or duplicative of other discovery.

5. "Privileged" is defined to mean: SyncPoint and Mr. Hansen object on the basis that and insofar as the Discovery Request calls for information (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions,

4

RESTRICTED – ATTORNEYS EYES ONLY

opinions, or legal theories of counsel; (4) otherwise protected under the Utah Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

6. "Assumes Facts" is defined to mean: SyncPoint and Mr. Hansen object on the basis that and insofar as the Discovery Request is based upon a premise or upon assumed facts that are untrue or unsupported by the evidence in this matter.

7. "Irrelevant" is defined to mean: SyncPoint and Mr. Hansen object on the basis that and insofar as the Discovery Request calls for information that is not relevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence;

8. "Premature" is defined to mean: SyncPoint and Mr. Hansen object on the basis that the Discovery Request calls for information not available to them at this stage of the litigation or that it calls for conclusions, opinions, or theories that cannot be ascertained or developed prior to the completion of discovery or without the benefit of expert analysis.

9. The phrases "Subject to and without waiving these objections," or words having similar effect, are defined to mean: Notwithstanding the fact that SyncPoint and Mr. Hansen will provide certain information in response to a Discovery Request, information or items sought by a Discovery Request that are covered by a specific and/or general objection may not be disclosed.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe in detail each and every communication from the periods of November 15 to November 25, 2014 and February 15, 2015 to September 30, 2015 that concern draft or executed assignments of U.S. Patent No. 6,275,214, including without limitation draft or executed assignment agreements between You and SyncPoint, including without limitation communications You sent, received, were provided, or otherwise came into possession of, including without limitation communications on which you were copied or blind-copied. Your response to this Interrogatory must include at a minimum a list of each such communication including: for each such communication, an identification of the specific

form of the communication (e.g., telephone call, letter, email, etc.); a summary of the substance of each such communication; the date and place of each such communication; an identification of each person who participated in or received each such communication, including an identification of their role (e.g., "author," "recipient," etc.); for each email or other written communication, an identification of all attachments to each such communication; and for each attachment, a summary of the substance of the attachment, an identification of the author and date of the attachment, and for each electronically stored attachment, a listing of any and all Metadata associated with the attachment.

**RESPONSE:** SyncPoint and Mr. Hansen object to Interrogatory No. 1 on the following grounds: it purports to require the production of information that is protected by the attorney–client privilege, the attorney work- product doctrine, statutory and constitutional privacy rights, and other applicable doctrines or privileges, is overbroad, is vague and ambiguous and burdensome and contains discrete subparts.  Further, SyncPoint and Mr. Hansen object to the extent Nintendo is attempting to require SyncPoint or Mr. Hansen to answer Interrogatory No. 1 in a certain way that is not required by the Federal Rules of Civil Procedure.  Nintendo has no right to prescribe how SyncPoint or Mr. Hansen should answer the propounded interrogatory.  Subject to and without waiving these objections SyncPoint and Mr. Hansen respond: Pursuant to Rule 33(d), SyncPoint and Mr. Hansen identify documents marked KARLH002000-2021 from which the answer to the interrogatory may be determined.

**INTERROGATORY NO. 2:** Identify and describe in detail all facts and circumstances surrounding Your signing of any and all assignment agreements concerning the '214 patent. Your response to this Interrogatory must include at a minimum: a list of all assignment agreements concerning the '214 patent signed by You, whether produced in This Litigation or not, including without limitation SYNCPOINT000379, SYNCPOINT000380-388, SYNCPOINT000389-397, SYNCPOINT000401, SYNCPOINT000402-410, SYNCPOINT000411-419, SYNCPOINT003528-3536, SYNCPOINT003537-3549, BRILLIANT005011-5019, BRILLIANT5020-5028, BRILLIANT005029-5037, BRILLIANT0010206-10206.009; the date you were first provided or received a copy of each and every assignment agreement concerning the '214 patent that You eventually signed; for each such signed assignment agreement, an identification of the form or forms of Your signature in the assignment agreement (e.g., hand-signed, signed using an image of a hand-signed signature, or electronically signed); the date on which you added each such signature to each such

assignment agreement, and a detailed description of all facts and information corroborating your answer; for each such signed assignment agreement, an identification of the form by which You provided signed assignment agreement to your legal counsel, such as e-mail, United States Postal Service mail, United Parcel Service package, or facsimile; for each such signed assignment agreement, an identification of whether You supplemented, revised, or amended the assignment agreement after the date You first provided Your first signature on the assignment agreement, including without limitation by supplementing, revising, or amending any existing signature; and if You supplemented, revised, or amended any such signed assignment agreement, then for each such signed assignment agreement, a detailed description of all reasons and circumstances for why You supplemented, revised, or amended the agreement, including without limitation a detailed description of the matters supplemented, revised, or amended.

**RESPONSE:** SyncPoint and Mr. Hansen object to Interrogatory No. 2 on the following grounds: it purports to require the production of information that is protected by the attorney–client privilege, the attorney work- product doctrine, statutory and constitutional privacy rights, and other applicable doctrines or privileges, is overbroad, is vague and ambiguous and burdensome and contains discrete subparts.  Further, SyncPoint and Mr. Hansen object to the extent Nintendo is attempting to require SyncPoint or Mr. Hansen to answer Interrogatory No. 2 in a certain way that is not required by the Federal Rules of Civil Procedure.  Nintendo has no right to prescribe how SyncPoint or Mr. Hansen should answer the propounded interrogatory.  Subject to and without waiving these objections SyncPoint and Mr. Hansen respond: Pursuant to Rule 33(d), SyncPoint and Mr. Hansen identify documents KARLH002022 from which the answer to the interrogatory may be determined

    **INTERROGATORY NO. 3:** Identify and describe in detail each and every Computer You used to electronically sign any and all assignments agreements concerning the '214 patent. Your response to this Interrogatory must include at a minimum a list of each such computer, including, for each computer: the make and model of the Computer; the serial number of the Computer; a detailed description of where the Computer is Located, including, if the Computer is a laptop or other mobile device, the primarily Location or Locations where the Computer is stored when not being used; and an identification of each individual who owns the Computer, whether a person or entity.

RESTRICTED – ATTORNEYS EYES ONLY

**RESPONSE:** SyncPoint and Mr. Hansen object to Interrogatory No. 3 on the following grounds: it purports to require the production of information that is protected by the attorney–client privilege, the attorney work- product doctrine, statutory and constitutional privacy rights, and other applicable doctrines or privileges, is overbroad, is vague and ambiguous and burdensome and contains discrete subparts.  Further, SyncPoint and Mr. Hansen object to the extent Nintendo is attempting to require SyncPoint or Mr. Hansen to answer Interrogatory No. 3 in a certain way that is not required by the Federal Rules of Civil Procedure.  Nintendo has no right to prescribe how SyncPoint or Mr. Hansen should answer the propounded interrogatory.  Subject to and without waiving these objections SyncPoint and Mr. Hansen respond: Pursuant to Rule 33(d), SyncPoint and Mr. Hansen identify documents KARLH002023 from which the answer to the interrogatory may be determined.

     I hereby certify that, to the best of my knowledge, the foregoing responses are true and correct.

**Dated: December 21, 2015**     **By:** */s/ Karl Hansen*
Karl Hansen
President, SyncPoint Imaging, LLC

RESTRICTED – ATTORNEYS EYES ONLY

                                             Respectfully Submitted,

Dated: December 21, 2015        By: */s/ Robert Aycock*
                                                Joseph G. Pia
                                                joe.pia@padrm.com
                                                Texas Bar No. 24093854
                                                Robert Aycock (Admitted in this District)
                                                Utah State Bar No. 8878
                                                raycock@padrm.com
                                                Joseph Shapiro (Admitted in this District)
                                                Utah State Bar No. 13584
                                                jshapiro@padrm.com
                                                Sara Payne (Admitted in this District)
                                                Utah State Bar No. 14008
                                                spayne@padrm.com
                                                PIA ANDERSON DORIUS REYNARD & MOSS
                                                222 South Main Street, Suite 1830
                                                Salt Lake City, Utah 84101
                                                Telephone: (801) 350-9000
                                                Facsimile: (801) 350-9010

                                                S. Calvin Capshaw
                                                State Bar No. 03783900
                                                ccapshaw@capshawlaw.com
                                                Elizabeth L. DeRieux
                                                State Bar No. 05770585
                                                ederieux@capshawlaw.com
                                                CAPSHAW DERIEUX, L.L.P.
                                                114 East Commerce Avenue
                                                Gladewater, Texas 75647
                                                Telephone: (903) 236-9800
                                                Facsimile: (903) 236-8787

                                                *Attorneys for Plaintiff*

RESTRICTED – ATTORNEYS EYES ONLY

## **CERTIFICATE OF SERVICE**

  I hereby certify that I served the above document on counsel of record via email on December 21, 2015.

                   */s/Lannea Butler*